ELIZA MYRICK V. G. H. SEGAR, Appellant.

CONTRACTS—DELIVERY NOT ESTABLISHED.

*Appeal from Wapello District Court.*—HON. ROBERT SLOAN, Judge.

WEDNESDAY, OCTOBER 6, 1897.

THIS is an action to recover the possession of a certain farm, of which plaintiff holds the legal title, and also to recover damages for a wrongful detention thereof. Defendant answered, admitting that plaintiff holds the legal title to said farm, and that he is in possession thereof, and alleges as defense that he is entitled to the possession of said farm, and to a conveyance thereof from the plaintiff, by virtue of a contract of purchase with plaintiff, and certain payments made and offered to be made by him thereunder. He asks, by way of cross-petition, for specific performance of the alleged contract, and for costs. Each party makes certain claims for a money judgment against the other. The case was transferred to and heard as in equity. Decree for possession was rendered in favor of the plaintiff, and, upon an accounting of the claims made by each against the other, judgment was rendered in favor of the defendant for two hundred and twenty-seven dollars and seventy-five cents, which judgment was made a lien upon the land in controversy. The issues will more fully appear in the opinion. Defendant appeals.—*Affirmed.*

*Jaques & Jaques* for appellant.

*McNett & Tisdale* and *A. C Steck* for appellee.

GIVEN, J.—Counsel agree that the first and most important inquiry is whether a contract for the purchase and sale of this farm was entered into between these parties. For many years prior to 1892, the plaintiff, a widow, aged seventy-four years, resided upon the farm in question, consisting of one hundred and thirty acres, to which she added, by purchase, at thirty-five dollars per acre, three additional acres, during the summer of 1892. In the spring of 1892, the defendant, who had been reared in the neighborhood of this farm, returned from his home, in Kansas, and was married to the daughter of the plaintiff. It was arranged that the defendant and his wife should remain with the plaintiff in her home on the farm, in pursuance of which arrangement the defendant disposed of his property in Kansas. Plaintiff being advised by her sons to sell the farm, and live on the proceeds, and the defendant having disposed of his property in Kansas, they commenced negotiations for the sale of plaintiff's farm to the defendant. While terms were frequently discussed, it does not appear that an agreement was reached until in October, 1892. It is true that the negotiations had been such that, in anticipation of a purchase of the farm, defendant had made certain improvements thereon, and let the plaintiff have seven hundred dollars in money; but this was upon the express understanding that the improvements made up to a certain time were to be paid for, and the seven hundred dollars repaid, if they did not ultimately consummate a sale of the farm. We say, again, that it does not appear that the minds of these parties met as to the terms of a sale until about the fifteenth day of October, 1892. On that day, Mr. W. A. Nye was requested to and did, prepare a contract in writing between these parties, and also a deed from the plaintiff to the defendant, for the farm in question. The writing is as follows: "This agreement, made this fifteenth day of October, 1892, by and between Eliza Myrick, of Wapello county and state of Iowa, and George Segar of Wapello county and state of Iowa, witnesseth: That the said Eliza Myrick has this day sold her farm, situate in Wapello county and state of Iowa, consisting of one hundred and thirty-three acres, as described in the deed of conveyance of this date, to said George H. Segar, for the sum of forty hundred and five dollars; the said George H. Segar to have full possession, except as hereinafter provided. *First.* Said Eliza Myrick hereby reserves the use of so much of the house as is necessary for her household goods and the goods of her grandson, James W. Hull, during the time of her natural life, or so long as she may desire to live with said George H. Segar and his wife, Sarah M Segar, as one family. *Second.* She shall have the privilege, at any time she may desire, to live by herself, and to have such a room for that purpose as they then agree upon for her to occupy. *Third.* It is hereby expressly agreed, that if said George H. Segar shall sell the said farm during the lifetime of said Eliza Myrick; or if, for any cause, she cannot remain or live with him, as above contemplated, then he agrees to pay her six hundred and fifty dollars; but if she voluntarily leaves or moves away, without

just and reasonable cause, from him, then he shall not be liable for said amount. *Fourth.* Said Eliza Myrick is to have pasture and stable room for the horse given her by Ada Hull. Witness our hands, this fifteenth day of October, 1892. [Signed] Eliza Myrick. G. H. Segar. Witness: W. A. Nye." This writing was signed by the parties, and the deed was executed and acknowledged by the plaintiff, on said fifteenth day of October, 1892. Immediately after the same was signed, a dispute arose as to the number of acres, and whether the sale was by the acre or for a gross sum. Defendant claimed that there was a discrepancy between the abstract and the deed as to the number of acres, and thereupon Mr. Nye, with the consent of both parties, retained the contract and deed, and took them home with him, to see if he could reconcile this discrepancy. The deed was returned to the plaintiff, and the contract was held by Mr. Nye until after the commencement of this suit. Mr. Nye testifies: "Neither of the instruments was ever delivered to the defendant to my knowledge;" and in this he is corroborated by the plaintiff, and is not contradicted by the defendant. The defendant testifies that Mr. Nye took the deed home with him, to see if he could find figures to explain the discrepancy as to the number of acres, and that the deed was returned to the plaintiff, with "17 acres" erased, and "20 acres" written over it. Defendant insisted upon having a survey, and only paying for the actual number of acres, and nothing further was done in the way of delivering the contract or the deed. Defendant afterwards made tender of performance of the contract on his part, as he claims it to have been made. There are many incidental facts and conditions that need not be stated, as it is already apparent that the real contention is, whether this written contract was delivered, so as to be binding upon these parties.

All prior negotiations culminated in this writing; therefore there was no prior oral agreement to bind the parties, by part performance or otherwise. We think it is entirely clear that, because of the differences that arose after this writing was signed, it was not delivered, and therefore did not become the mutual agreement of the parties, nor binding upon them. It follows from this conclusion that the defendant is not entitled to the relief asked in his cross-petition, and that plaintiff is entitled to a judgment for the possession of the farm.

II. Appellant contends that the judgment rendered in his favor on the accounting is too small, and that he is entitled to judgment for a greater sum. We will not extend this opinion by discussing the several items claimed by each party against the other. It is sufficient to say that, after a careful examination of the evidence with respect to each item, we are of the opinion that the amount allowed by the district court is ample. Our conclusion upon the entire record is that the decree and judgment of the district court is correct, and it is therefore AFFIRMED.